1
2
3
4
5
6 **UNITED STATES DISTRICT COURT**
7 **DISTRICT OF NEVADA**
8
9 SHAWN MICHAEL THOMAS,                    )
                                          )
10            Petitioner,                 )        3:10-cv-00592-LRH-VPC
                                          )
11 vs.                                    )        **ORDER**
                                          )
12 GREGORY SMITH, *et al.*,               )
                                          )
13            Respondents.                )
   _____/
14
15          This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254,
16 by a Nevada state prisoner.
17          Petitioner has filed a motion to proceed *in forma pauperis*.  (Docket #1).  Based on the
18 information regarding petitioner's financial status, the Court finds that the motion to proceed *in*
19 *forma pauperis* will be granted.
20          The Court has reviewed the petition.  (Docket #1-2).  Petitioner has filed a motion "for leave
21 to file a longer than normal petition."  (Docket #1-1).  Good cause appearing, the motion is granted.
22 The petition shall be filed and served on respondents.  A petition for federal habeas corpus should
23 include all claims for relief of which petitioner is aware.  If petitioner fails to include such a claim in
24 his petition, he may be forever barred from seeking federal habeas relief upon that claim.  *See* 28
25 U.S.C. §2254(b) (successive petitions).
26          Petitioner has filed a "motion to file supporting documents under seal."  (Docket #1-4).  The
27 documents submitted by petitioner have been kept under seal.  (Docket #1-6).  There is a strong
28 presumption in favor of public access to judicial filings and documents.  *See Nixon v. Warner*

1  *Communication, Inc.*, 435 U.S. 589, 597 (1978); *see also Kamakana v. City and County of Honolulu*,

2  447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th

3  Cir. 2003).  The court has inherent power over its own records and files, and access may be denied

4  where the court determines that the documents may be used for improper purposes, such as "to

5  gratify private spite," "promote public scandal," or "circulate libelous statements."  *Nixon v. Warner*

6  *Comm., Inc.*, 435 U.S. at 598; *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995);

7  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

8          The Ninth Circuit distinguishes between dispositive and nondispositive pleadings and

9  motions in terms of the showing required to seal a document.  For a document filed with a

10  dispositive motion, "compelling reasons" must be shown to justify sealing the document.  *Kamakana*

11  *v. City and County of Honolulu*, 447 F.3d at 1179-89.  In contrast, for documents filed with non-

12  dispositive motions, a "good cause" showing will suffice to keep the records sealed.  *Id.*  This is

13  based on the reasoning that the public has less need for access to records that are merely tangentially

14  related to the underlying cause of action.  *Id.* at 1179.  A showing of good cause generally requires a

15  specific description of the particular document(s) sought to be sealed and a showing that disclosure

16  of such documents would work a "clearly defined and serious injury."  *Pansy v. Borough of*

17  *Stroudsburg*, 23 F.3d 772, 776 (3rd Cir. 1994).  Where good cause is shown for a protective order,

18  the court must balance the potential harm to the moving party's interests against the public's right to

19  access the court files.  *Kamakana v. City and County of Honolulu*, 447 F.3d at 1179-89.

20          In the instant case, the Court has reviewed the documents submitted by petitioner and

21  petitioner's motion to keep the documents sealed.  (Docket #1-6 and #1-4).  The documents were

22  submitted by petitioner in support of his motion for the appointment of counsel.  (Docket #1-3).  As

23  the documents were filed in support of a non-dispositive motion, a good cause showing will suffice

24  to keep the documents sealed.  The Court finds that petitioner has shown good cause for keeping the

25  documents sealed, at this juncture, based on privacy concerns regarding the content of the

26  documents.  The Court further finds that there is no potential harm to the public's right to access the

27

28

1   documents which petitioner seeks to remain sealed.  Accordingly, petitioner's motion to seal

2   (Docket #1-4) the documents submitted at Docket #1-6 is granted.

3       Petitioner has filed a motion for the appointment of counsel.  (Docket #1-3).  There is no

4   constitutional right to appointed counsel for a federal habeas corpus proceeding.  *Pennsylvania v.*

5   *Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).  The

6   decision to appoint counsel is generally discretionary.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th

7   Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.),

8   *cert. denied*, 469 U.S. 838 (1984).  However, counsel must be appointed if the complexities of the

9   case are such that denial of counsel would amount to a denial of due process, and where the

10  petitioner is a person of such limited education as to be incapable of fairly presenting his claims.

11  *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

12      In the instant case, the petition on file in this action is well-written and sufficiently clear in

13  presenting the issues that petitioner wishes to bring.  Petitioner has excerpted parts of his state court

14  petitions and pleadings, which is an acceptable practice.  *See Dye v. Hofbauer*, 546 U.S. 1, 4 (2005)

15  ("The habeas corpus petition made clear and repeated references to an appended supporting brief,

16  which presented Dye's federal claim with more than sufficient particularity.)"  The issues in this

17  case are not overly complex.  The Court has considered the documents submitted by petitioner,

18  including those documents submitted under seal.  It does not appear that counsel is justified in this

19  instance.  The motion for appointment of counsel is denied.

20      **IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis*

21  (Docket #1) is **GRANTED**.  The Clerk **SHALL FILE** the petition for a writ of habeas corpus

22  (Docket #1-2).

23      **IT IS FURTHER ORDERED** that petitioner's motion for leave to file a longer than normal

24  petition (Docket #1-1) is **GRANTED.**

25      **IT IS FURTHER ORDERED** that petitioner's "motion to file supporting documents under

26  seal" (Docket #1-4) is **GRANTED.**  The documents submitted by petitioner at Docket #1-6 **SHALL**

27  **REMAIN SEALED**, unless otherwise ordered by this Court.

28

1    **IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel

2    (Docket #1-3) is **DENIED.**

3    **IT IS FURTHER ORDERED** that the Clerk shall **ELECTRONICALLY SERVE** the

4    petition upon the respondents.

5    **IT IS FURTHER ORDERED** that respondents shall have **forty-five (45)** days from entry

6    of this order within which to answer, or otherwise respond to, the petition.  In their answer or other

7    response, respondents shall address all claims presented in the petition.  Respondents shall raise all

8    potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and

9    procedural default.  **Successive motions to dismiss will not be entertained**.  If an answer is filed,

10   respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the

11   United States District Courts under 28 U.S.C. §2254.  If an answer is filed, petitioner shall have

12   **forty-five (45) days** from the date of service of the answer to file a reply.

13   **IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the Attorney

14   General of the State of Nevada a copy of every pleading, motion, or other document he submits for

15   consideration by the Court.  Petitioner shall include with the original paper submitted for filing a

16   certificate stating the date that a true and correct copy of the document was mailed to the Attorney

17   General.  The Court may disregard any paper that does not include a certificate of service.  After

18   respondents appear in this action, petitioner shall make such service upon the particular Deputy

19   Attorney General assigned to the case.

20   DATED this 2nd day of November, 2010.

21

22

23

24   LARRY R. HICKS
     UNITED STATES DISTRICT JUDGE

25

26

27

28                                          4