1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

9   SHAWN MICHAEL THOMAS,                  )
                                          )
10            Petitioner,                  )        3:10-cv-00592-LRH-VPC
                                          )
11   vs.                                   )        **ORDER**
                                          )
12   GREGORY SMITH, *et al.*,              )
                                          )
13            Respondents.                 )
    _____/

14

15       This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254,

16   by a Nevada state prisoner.  Before the Court is respondents' motion for a more definite statement.

17   (ECF No. 7).

18       "A party may move for a more definite statement of a pleading to which a responsive

19   pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a

20   response." Fed. R. Civ. P. 12(e).  Motions for more definite statement are disfavored, and their

21   disposition is within the Court's discretion. *See generally* 5A,  C. Wright and A. Miller, *Federal*

22   *Practice and Procedure: Civil 2d,* § 1377.

23       In its review of the petition, the Court observes that petitioner's *pro se* petition sets forth

24   three claims: Ground One contains a *Strickland* ineffective assistance of counsel claim for which

25   petitioner has reproduced pages of his state post-conviction habeas corpus petition, supplement to the

26   state petition, and fast track statement on appeal to the Nevada Supreme Court.  (Petition, ECF No.

27   4, at pp. 5-20).  Grounds Two and Three are due process claims and petitioner refers to "pages 6-20,"

28   which are the reproduced pages of his state post-conviction habeas corpus petition, supplement to the

1   state petition, and fast track statement on appeal to the Nevada Supreme Court.  (Petition, ECF No.

2   4, at p. 23, 25, and pp. 6-20).

3       Petitioner's inclusion of the state court habeas petition, supplement to the state petition, and

4   fast track statement, within the federal habeas petition, is appropriate.  *See Dye v. Hofbauer*, 546

5   U.S. 1, 4 (2005) ("The habeas corpus petition made clear and repeated references to an appended

6   supporting brief, which presented Dye's federal claim with more than sufficient particularity."

7   (citing Fed. R. Civ. P. 81(a)(2) and 10(c)).  This Court similarly finds that petitioner's inclusion of

8   the state court pleadings within the federal petition renders the claims in the federal petition

9   sufficiently clear and particular.  The *pro se* habeas petition in this case is not so vague and

10  ambiguous that respondents cannot reasonably be required to respond.  Respondents must address

11  petitioner's claims by filing an answer.  No further motions to dismiss the petition are permitted.  If

12  respondents have additional procedural arguments, such arguments must be set forth in the answer,

13  in addition to a substantive discussion of all claims in the petition.

14      **IT IS THEREFORE ORDERED** that respondents' motion for a more definite statement

15  (ECF No. 7) is **DENIED.**

16      **IT IS FURTHER ORDERED** that, within **thirty (30) days** from the date of entry of this

17  order, respondents **SHALL FILE an answer** to the petition, addressing all substantive and

18  procedural grounds that they wish the Court to consider.  **No further motions to dismiss will be**

19  **entertained**.  In filing the answer, respondents shall comply with the requirements of Rule 5 of the

20  Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

21      **IT IS FURTHER ORDERED** that petitioner **SHALL FILE** his reply to the answer no later

22  than **thirty (30) days** after being served with the answer.

23      Dated this 7th day of June, 2011.

24

25

26  _____

27  LARRY R. HICKS
    UNITED STATES DISTRICT JUDGE

28

2