UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SHAWN MICHAEL THOMAS,            )
                                 )
         Petitioner,             )     3:10-cv-00592-LRH-VPC
                                 )
vs.                              )     **ORDER**
                                 )
GREGORY SMITH, *et al.*,         )
                                 )
         Respondents.            )
_____/

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. This matter comes before the Court on the merits of the petition.

**I. Procedural History**

On May 8, 2007, pursuant to a guilty plea, petitioner was convicted of robbery and sentenced to 48 to 120 months imprisonment. (Exhibit 8).[1] Petitioner appealed his conviction. (Exhibit 10). The Nevada Supreme Court affirmed petitioner's conviction by order filed March 27, 2008. (Exhibit 25). On March 12, 2009, petitioner filed a habeas petition in the state district court. (Exhibit 29). The court appointed counsel to represent petitioner. (Exhibit 31). On May 29, 2009, petitioner's counsel filed a supplemental petition. (Exhibit 33). By order filed September 30, 2009, the state district court denied the habeas petition. (Exhibit 41). Petitioner appealed the denial of his state habeas petition. (Exhibit 43). The Nevada Supreme Court affirmed the denial of petitioner's habeas petition on July 15, 2010. (Exhibit 52). Remittitur issued on August 10, 2010. (Exhibit 53).

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 12-13.

Petitioner dispatched his federal habeas petition to this Court on September 21, 2010. (ECF No. 4, at p. 1). Petitioner's *pro se* petition contains claims for which petitioner has reproduced pages of his state post-conviction habeas corpus petition, supplement to the state petition, and fast track statement on appeal to the Nevada Supreme Court. (*Id.*). Respondents filed a motion for a more definite statement. (ECF No. 7). By order filed June 8, 2011, this Court denied the motion, finding that petitioner's inclusion of the state court habeas petition, supplement to the state petition, and fast track statement, within the federal habeas petition, was appropriate. (ECF No. 10) (citing *Dye v. Hofbauer*, 546 U.S. 1, 4 (2005) ("The habeas corpus petition made clear and repeated references to an appended supporting brief, which presented Dye's federal claim with more than sufficient particularity." (citing Fed. R. Civ. P. 81(a)(2) and 10(c))). The Court directed respondents to file an answer. (ECF No. 10). Respondents have filed an answer. (ECF No. 11). Petitioner did not file a reply to the answer.

**II. Federal Habeas Corpus Standards**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from

a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)). The formidable standard set forth in section 2254(d) reflects the view that habeas corpus is "'a guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. \_\_\_, \_\_\_, 131 S.Ct. 770, 786 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409). In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

In a federal habeas proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the burden set in § 2254(d) and (e) on the record that was before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1400 (2011).

**III. Discussion**

    **A. Claim of Ineffective Assistance of Counsel**

Petitioner asserts that his counsel was ineffective for failing to argue that the State breached the plea agreement at sentencing.

///

3

### 1. Ineffective Assistance of Counsel Standard

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland,* 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an 'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (quotations omitted). If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of the *Strickland* standard. *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

The United States Supreme Court has described federal review of a state supreme court's decision on a claim of ineffective assistance of counsel as "doubly deferential." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 112-113, 129 S.Ct. 1411, 1413 (2009)). In *Cullen v. Pinholster*, the Supreme Court emphasized that: "We take a 'highly

4

deferential' look at counsel's performance . . . . through the 'deferential lens of § 2254(d).'" *Id.* at 1403 (internal citations omitted). Moreover, federal habeas review of an ineffective assistance of counsel claim is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 131 S.Ct. at 1398-1401. The United States Supreme Court has specifically reaffirmed the extensive deference owed to a state court's decision regarding claims of ineffective assistance of counsel:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.* at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S. at ___, 129 S.Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S. at ___, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington v. Richter*, 562 U.S. ___, 131 S.Ct. 770, 788 (2011).

The *Strickland* standard also applies to claims of ineffective appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Appellate counsel has no constitutional duty to raise every non-frivolous issue requested by the client. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). To state a claim of ineffective assistance of appellate counsel, a petitioner must demonstrate: (1) that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) that the resulting prejudice was such that the omitted issue would have a reasonable probability of success on appeal. *Id.* "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Id.* at 751-52. Petitioner must show that his counsel unreasonably failed to discover and file nonfrivolous issues. *Delgado v. Lewis*, 223 F.3d 976, 980 (9th Cir. 2000). It is inappropriate to focus on what could have been done rather than focusing on the reasonableness of what counsel did. *Williams v. Woodford*, 384 F.3d 567. 616 (9th Cir. 2004) (citation omitted).

///

**2. Analysis**

Petitioner claims that counsel was ineffective for failing to argue on direct appeal that the State breached the plea agreement at sentencing. In rejecting this claim, the Nevada Supreme Court ruled: "The record on appeal reveals that the State followed the terms of the guilty plea agreement, argued facts in favor of its recommended sentence, and did not explicitly or implicitly seek a harsher sentence than that provided for in the parties' agreement." (Exhibit 52, at pp. 1-2). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has not shown that there is a reasonable probability that he would have succeeded on the merits but for counsel's failure to argue on direct appeal that the State breached the plea agreement at sentencing. Counsel was not ineffective under the deferential *Strickland* standard. *See Harrington v. Richter*, 562 U.S. ___, 131 S.Ct. 770, 788 (2011). Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court denies habeas relief on this ground of the federal petition.

**B. Claim that Trial Court Refused to Follow Sentencing Recommendation**

In the petition, petitioner asserts that his right to counsel and his due process rights were violated when the trial court refused to follow the sentencing recommendation of the parties. The trial court's decision on sentencing, without more, does not demonstrate that counsel's performance was deficient. Habeas relief is denied on the ineffective assistance of counsel portion of this claim.

Regarding the claim that petitioner's due process rights were violated when the trial court refused to follow the sentencing recommendation of the parties, the Nevada Supreme Court addressed this issue as follows:

> In the instant case, Thomas did not allege that the district court relied on impalpable or highly suspect evidence, or that the relevant statute is unconstitutional. Further, we note that the sentence imposed was within the parameters provided by the relevant statutes. Finally, we note that it is within the discretion of the district court to grant probation. Therefore, we conclude that the district court did not abuse its discretion at sentencing.

(Exhibit 25, at p. 2). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). The United States Supreme Court has never held that due process requires the trial court to sentence a defendant in accordance with the recommendation of the parties, therefore, the Nevada Supreme Court's determination was not contrary to clearly established federal law, as determined by the United States Supreme Court. *See Carey v. Musladin*, 549 U.S. 70, 76-77 (2006) (denying federal habeas relief because the United States Supreme Court had never addressed a claim that private-actor courtroom conduct was so inherently prejudicial that it deprived a defendant of a fair trial). Additionally, petitioner was specifically advised in the guilty plea agreement that the trial court was not bound by the recommendation of the parties regarding sentencing. (Exhibit 5, at p. 4). Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court denies habeas relief on this ground of the federal petition.

## IV. Certificate of Appealability

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve

7

encouragement to proceed further.  *Id.*  In this case, no reasonable jurist would find this Court's denial of the petition debatable or wrong.  The Court therefore denies petitioner a certificate of appealability.

**V. Conclusion**

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **DENIED IN ITS ENTIRETY**.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this 5th day of July, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE